El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan Carreras, acusado y apelante.

Núm. 9836.—*Sometido:* Abril 28, 1943. *Resuelto:* Junio 1, 1943.

*Adolfo García Veve* y *R. Rivera Zayas,* abogados del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Juan Carreras fué acusado de atentado a la vida. Los hechos que dieron lugar a la acusación ocurrieron en Juncos el 18 de febrero de 1939. Celebrado el juicio, el jurado lo declaró culpable del delito de acometimiento y agresión grave. El acusado estableció recurso de apelación contra la sentencia que le impuso un año de cárcel.

La prueba del Pueblo fué al efecto de que estando Esteban V. Martínez parado con un amigo en una esquina en Juncos, pasó el acusado en su automóvil e hizo un gesto que dió lugar a que Martínez comentara con su acompañante: "¡Qué simpático está éste!" Entonces el acusado detuvo su automóvil y le hizo tres disparos a Martínez. El primero lo hirió en el pecho. Martínez sacó entonces su revólver, que estaba autorizado a portar como inspector de la Administración de Ajuste Agrícola. El segundo disparo lo hirió en la mano derecha, tumbándole el revólver, y el tercero lo hirió en la mano izquierda. El revólver de Martínez, que estaba cargado, y con el cual no se hizo disparo alguno, fué entregado a la policía en esas condiciones. La herida del pecho era grave y como resultado de ella le provino una pulmonía. Además, debido al disparo que le hirió la mano derecha, Martínez no puede normalmente usar más dicha mano.

El acusado trató de probar que cuando dobló la esquina Martínez dijo: "Párate, canalla", y sacó un revólver; que

cuando detuvo el automóvil y vió el revólver de Martínez, tomó el que tenía un inspector de sanidad que iba a su lado y, sin abandonar el automóvil, hizo tres disparos, en defensa propia.

El Pueblo presentó prueba, como evidencia del móvil que tuvo el acusado para cometer el delito, al efecto de que Martínez había declarado hacía ocho meses en un caso criminal en que se absolvió a Carreras por el delito de usar explosivos, y que desde entonces eran enemigos.

█ El acusado se queja de que la corte de distrito erró al permitir que el fiscal se refiriera en su exposición inicial del caso a la anterior acusación contra Carreras, e introdujera evidencia en relación con la misma. El récord demuestra, sin embargo, que se hizo constar claramente durante todo el juicio, incluyendo las instrucciones de la corte al jurado, que Carreras había sido absuelto de la acusación anterior, que no se había hecho esfuerzo alguno para reproducir tal acusación, y que la prueba en cuestión estaba siendo admitida y era relevante en el presente caso solamente para demostrar que Martínez había declarado contra Carreras— no necesariamente con veracidad—en el caso anterior, y por tanto establecer, de acuerdo con la teoría del Pueblo, un móvil para el ataque de Carreras a Martínez.

Aun cuando prueba para demostrar el móvil frecuentemente es material, no siempre es indispensable, particularmente cuando los hechos físicos son establecidos sin recurrir a evidencia circunstancial. Permitir su uso indistintamente tiene sus peligros. Las cortes, particularmente las de distrito, deben estar constantemente alertas para impedir que fiscales celosos en el desempeño de su deber traten de que se juzgue a un hombre por una acusación anterior, en vez de que sea juzgado por la acusación ante la corte. *Cf. Pueblo* v. *Díaz*, 61 D.P.R. 903, resuelto en 17 de mayo de 1943.

Sin embargo en el presente caso se hizo constar repetidamente que la única prueba que se ofrecía y que se admi-

tió fué que Martínez había declarado contra Carreras en otro caso, surgiendo de ello un espíritu de enemistad entre ambos, y que el jurado consideraría tal prueba en cuanto al propósito de determinar el móvil de Carreras, y para ningún otro propósito. Por tanto creemos que en este caso se cumplió con las limitaciones que acompañan el uso de prueba para demostrar el móvil, según se ha establecido en *Pueblo v. González,* 57 D.P.R. 744, y en *Pueblo* v. *Piazza,* 60 D.P.R. 575.

La corte no cometió error al negarse a permitir que un testigo de la defensa declarara en cuanto a alegadas manifestaciones que Martínez había hecho sobre Carreras. El testigo no pudo fijar la fecha de tales manifestaciones. Por tanto, la corte no estaba en posición de determinar si tales manifestaciones, de haberse hecho, eran muy remotas para justificar su admisión. Además, el acusado no demostró, u ofreció demostrar, que Carreras tenía conocimiento de dichas manifestaciones.

Al contrainterrogar un testigo del acusado, el fiscal de distrito le preguntó si no había declarado en otro juicio en el que estaba envuelto el hermano del acusado, anunciando que era su propósito demostrar que el testigo había cometido perjurio en otras ocasiones en que estaba envuelto el hermano del acusado. Esta pregunta y la manifestación del fiscal de distrito fueron manifiestamente impropias, y debe ser censurado por ellas. Sin embargo, inmediatamente el acusado se opuso a la pregunta y la corte inferior sostuvo la objeción. A solicitud del acusado, la corte eliminó del récord todo lo relacionado con el incidente, e instruyó al jurado que no lo tomaran en consideración. Por todo ello, concluímos, de las circunstancias de este caso específico, que la pronta y saludable actuación de la corte subsanó la conducta impropia del fiscal de distrito, y que el acusado no fué por ella suficientemente perjudicado a tal extremo que exija que revoquemos por esta sola razón la sentencia condenatoria.

■ 160

■ Haciendo uso de una frase en ellas contenida, la defensa se queja de las instrucciones sobre defensa propia. Para resolver este error sería suficiente señalar el hecho de que el acusado ni excepcionó, ya general o específicamente, las instrucciones, ni hizo solicitud alguna de instrucciones. Sin embargo, hemos examinado en conjunto las instrucciones al jurado y encontramos que la corte de distrito fué escrupulosamente cuidadosa en dar instrucciones completas y justas sobre todas las cuestiones levantadas en el caso, incluyendo defensa propia.

■ Hubo más que suficiente prueba para justificar el veredicto en este caso. En verdad, si el jurado hubiera declarado culpable al acusado de atentado a la vida, no alteraríamos una sentencia sobre tal veredicto. De igual forma, encontramos que dadas las circunstancias de este caso, la sentencia de un año de cárcel fué benévola, y no vemos razón alguna para acceder a la solicitud del acusado para que se reduzca la misma a multa.

*La sentencia de la corte de distrito será confirmada.*